■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN LAVILLA, Appellant. [849 NYS2d 746]—Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), dated December 20, 2006. The order denied the motion of defendant pursuant to CPL 440.20 (1) to set aside the postrelease supervision part of his sentence as illegally imposed or, in the alternative, for an order setting forth that his sentence does not include a period of postrelease supervision.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: Defendant moved pursuant to CPL 440.20 (1) to set aside the postrelease supervision part of his sentence as illegally imposed or, in the alternative, for an order setting forth that his sentence does not include a period of postrelease supervision. As limited by his brief, defendant appeals from that part of the order denying his alternative request for relief. We affirm. Pursuant to CPL 440.20 (1), a court in which the judgment of conviction was entered may set aside the sentence on specified grounds and, if defendant had sought to set aside his sentence or withdraw his plea, we would be compelled to permit him to do so (see People v Hill, 9 NY3d 189 [2007]). Defendant has disavowed his prior request to set aside his sentence, however, and challenges only Supreme Court's refusal to issue an order setting forth that the sentence does not include a period of postrelease supervision. The statute does not authorize the court to issue such an order (see CPL 440.20 [1]), and we thus conclude that the court properly refused to grant that relief. Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Pine, JJ.